UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


JAMES E. SMITH                          )
                                        )
v.                                      )       NO. 2:04-CV-382
                                        )
JO ANNE B. BARNHARDT,                   )
Commissioner of Social Security         )


**MEMORANDUM OPINION**

The plaintiff James E. Smith has filed a motion for summary judgment on his complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying his application for supplemental security income and disability insurance benefits under the Social Security Act. The defendant has also filed a motion for summary judgment.

Mr. Smith was born in 1944 and was 59 years old at the time of his administrative hearing. [Tr. 35]. He completed sixth grade and has relevant past work experience as a janitor. [Tr. 18, 35]. Mr. Smith alleges he is disabled as of December 31, 1995, from pain in his back and legs. [Tr. 18]. Based upon a finding that Mr. Smith retained the functional capacity to return to his previous work, the Administrative Law Judge [ALJ] found that Mr. Smith was not disabled as defined by

the Social Security Act. [Tr. 21].

At Mr. Smith's administrative hearing held on November 3, 2003, the testimony of Mr. Smith was received into evidence. [Tr. 34-41]. Mr. Smith testified he last worked in 1990 as a janitor at an airport. [Tr. 35, 37-38]. He considered the pain in his back and legs to be the most serious problem that prevents him from working. [Tr. 36]. Mr. Smith testified he is able to drive and enjoys fishing with a relative. [Tr. 39].

The ALJ ruled that Mr. Smith was not disabled because, although he had a severe impairment of mild mental retardation, his impairment was not severe enough. [Tr. 20]. According to the ALJ, Mr. Smith also had the residual functional capacity [RFC] to perform his past relevant work as a janitor. [Tr. 21].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the

2

evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Mr. Smith requests summary judgment and challenges the ALJ's finding that he retained the RFC "to perform work at all exertional levels consistent with mild mental retardation." [Tr. 20]. In reaching his decision, the ALJ considered that Mr. Smith "does not receive any mental health treatment nor has [he] been hospitalized for emotional difficulties." [*Id.*]. The ALJ also noted that Mr. Smith would be able to interact with others. [*Id.*]. Karl Konrad, Ph.D., M.D., examined Mr. Smith in April 2003 and determined he had no impairment-related physical limitations. [Tr. 113]. The ALJ's determination of Mr. Smith's RFC was made with substantial evidence.

Mr. Smith also contends the ALJ erred by failing to find that his degenerative disc disease of the lumbar spine was a severe impairment. The ALJ noted in his decision that Mr. Smith did not have severe nerve, muscle, or bone damage in areas that would restrict his ability to work or any major arthritic abnormality. [Tr. 19]. In addition, Mr. Smith had not received medical treatment since October 1999 and was not on any prescription pain medication. [*Id.*]. Based on the above lack of medical evidence to support a severe impairment, the ALJ's decision was made with substantial evidence.

Finally, Mr. Smith contends the ALJ erred by not finding that he met the impairment listing of 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.05C for mental retardation. According to that regulation:

> Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22. The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied . . . .

> C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

The record before this court is absolutely void of any evidence that Mr. Smith was mentally retarded before the age of 22. Mr. Smith quit school after the sixth grade not because he could not do the schoolwork but because he needed to work on his family's farm. [Tr. 35]. Also, Mr. Smith later obtained his Graduate Equivalency Diploma [GED] degree. [Tr. 80]. The evidence does not support Mr. Smith's claim of mental retardation. The ALJ did not err.

After careful consideration of the entire record of proceedings related to this case, Mr. Smith's motion for summary judgment will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

4

An appropriate order will follow.

ENTER:

s/Thomas Gray Hull
THOMAS GRAY HULL
  SENIOR U. S. DISTRICT JUDGE